UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CAMERON TERRIL HARDIMAN, a/k/a Black, a/k/a El Chapo, a/k/a Prince<br><br>Defendant. | 4:22-CR-40029-KES-5<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE** |

Defendant, Cameron Terrill Hardiman, filed a motion to amend or correct his previous motion under 18 U.S.C. § 3582(c)(2). Dockets 327, 330. For the following reasons, Hardiman's motion is denied.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at

the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

Hardiman's Guidelines range, based on a total offense level of 21 and a Criminal History Category of III, was 46–57 months in custody. Docket 296 at 35. He had 6 criminal history points based on prior convictions for Reckless Driving and Fleeing/Attempt to Elude, Driving on Suspended License, and two Driving Under the Influence Offenses. *Id.* at 23–26. On June 12, 2023, the court sentenced Hardiman to 46 months in custody for conspiracy to launder monetary instruments. Docket 298 at 1–2.

On March 1, 2024, 2024, Hardiman filed a motion requesting a sentence reduction pursuant to new retroactive Sentencing Guidelines provisions under 18 U.S.C. § 3582(c)(2). Docket 327. He asserted that he qualified for a sentence reduction under retroactive Amendment 821 to the Sentencing Guidelines. *Id.* at 1–4. The court denied Hardiman's motion. Docket 329.

Hardiman now moves to amend or correct his motion to reduce sentence. Docket 330. In his motion, Hardiman does not point to any amendment to the guidelines that would affect his sentence but instead argues that there were

errors in his presentence report at the time it was calculated. *See id.* at 1. He agues that he was incorrectly allotted 2 criminal history points each for his "Reckless Driving" and "Driving on Suspended License" convictions. *See id.*; *see also* Docket 296 ¶¶ 65–66. He contends that criminal history points were incorrectly awarded for those convictions, because the guidelines require that a minimum term of 60 days actually be served for 2 points to be awarded. *See* Docket 330 at 1.

According to Hardiman's presentence report, 2 criminal history points were assessed for a conviction for reckless driving, fleeing/attempt to elude, driving on suspended license, and operate/uninsured motor vehicle. Docket 296 ¶ 65. Hardiman was sentenced to 60 days custody. *Id.* Hardiman was also convicted of driving on suspended license and was sentenced to 60 days in custody. Docket 296 ¶ 66. Hardiman was awarded criminal history points for each of these convictions under § 4A1.1(b), under which 2 points are added "for each prior sentence of imprisonment of at least sixty days." U.S.S.G. § 4A1.1(b). The term "sentence of imprisonment" is defined to mean a sentence of incarceration. U.S.S.G. § 4A1.2(b)(1).

At sentencing, Hardiman objected to the imposition of 2 criminal history points for the driving on suspended license crime, claiming that because the sentence was run concurrent to his reckless driving sentence, he should only receive 2 points instead of 4 points. But the court ruled against Hardiman, citing U.S.S.G. § 4A1.2(a)(2) because the prior sentences were imposed for offenses that were separated by an intervening arrest. *See* Docket 296-1 at 2.

Hardiman now appears to raise this issue in a slightly different manner. But the evidence before the court indicates he was sentenced to 60 months in custody on two different crimes. Therefore, 2 points were properly assessed for each crime and there is no change in Hardiman's criminal history category. Thus, Hardiman's motion to amend or correct fails.

## CONCLUSION

It is ORDERED that Hardiman's motion (Docket 330) is DENIED.

Dated May 3, 2024.

        BY THE COURT:

        */s/ Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE